# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMADA GREGORY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 13-11342-FDS |
| YWCA HAVERHILL, INC., DEBRA YOUNG, RUTH TARBOX, ELIZABETH GORSKI, and JOAN CRANTON, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO APPOINT COUNSEL

SAYLOR, J.

### I. Background

This is an action alleging unlawful employment discrimination and retaliation. Plaintiff Amada Gregory, appearing *pro se*, has brought suit against defendants YWCA Haverhill, Inc., and four of its employees. The complaint appears to allege claims of harassment, discrimination, and retaliation on the basis of race and ethnicity.

On November 2, 2011, Gregory filed a complaint with the Massachusetts Commission Against Discrimination, alleging she was being harassed and treated unfairly by YWCA. On February 29, 2012, the MCAD dismissed the complaint. The dismissal was affirmed on December 21.

In June 2012, Gregory filed a second complaint with the MCAD, alleging that YWCA had retaliated against her for filing her first complaint. It is not clear whether that complaint is still pending.

On March 27, 2013, Gregory filed the complaint in this case. The complaint appeared to allege claims of harassment, discrimination, and retaliation on the basis of race and ethnicity.

On July 16, 2013, the Court ordered Gregory to file an amended complaint that comported with the pleading requirements of Fed. R. Civ. P. 8(a). She was also ordered to provide evidence (specifically, her right-to-sue letter from the Equal Employment Opportunity Commission) that she exhausted her administrative remedies before filing her complaint.

On October 22, 2013, Gregory filed an amended complaint. The amended complaint is nearly identical to her original complaint, but includes additional information about each defendant. In substance, the amended complaint alleges that Gregory was subjected to harassment in her workplace by the office manager and other employees of YWCA based on her race, as well as unlawful retaliation. It also states that the claims are brought "under USC 442." (Am. Compl. ¶ 1).

On May 19, 2014, defendants moved to dismiss the amended complaint. They contend that it fails to meet the pleading requirements of Rule 8(a) and fails to state a claim under Rule 12(b).

On June 3, 2014, plaintiff filed a motion for appointment of counsel.

## II. Analysis

### A. Motion to Dismiss

Rule 8 requires that a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). A pleading that violates the principles of Rule 8 may be struck "within the sound discretion of the

court." *Newman v. Massachusetts*, 115 F.R.D. 341, 343 (D. Mass. 1987) (internal quotation and citation omitted).

While it is far from clear, the amended complaint appears to allege claims of employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, under which it is unlawful for an employer to discriminate against an employee based on his or her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). It is also unlawful for an employer "to discriminate against any [individual] . . . because he has opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e–3(a).

Plaintiff was ordered, among other things, to file an amended complaint that complied with the requirements of Rule 8(a). Specifically, she was ordered to (1) include a jurisdictional statement, (2) plead more than mere allegations that she was harmed by defendants, and (3) provide evidence that she exhausted her administrative remedies.

The amended complaint fails to comply with the Court's order. First, it states that the claims are brought "under USC 442," which does not refer to any particular statute. No section 442 of the United States code is related to anti-discrimination or anti-retaliation law, although the amended complaint could be referring to Title 42.

Second, the amended complaint fails to provide anything more than conclusory allegations that defendants discriminated against plaintiff because of her race. On a motion to dismiss, "[n]on-conclusory factual allegations in the complaint must . . . be treated as true, even if seemingly incredible." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). However, "bare assertions . . . [that] amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination

claim . . . are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007)). In addition, "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (quoting *Twonbly*, 550 U.S. at 557 n.5).

While the amended complaint alleges that defendants treated her disrespectfully because she is Hispanic, those allegations are bare, conclusory assertions unsupported by any specific facts. Plaintiff does allege that defendants made comments about the way she spoke, but there are no allegations that those comments were made because of her race or ethnicity. *See Iqbal*, 556 U.S. at 680-81 (stating that respondent's allegations that petitioners subjected him to harsh conditions "solely on account of [his] religion, race, and/or national origin" were conclusory in nature and not entitled to a presumption of truth); *Morales-Cruz v. University of Puerto Rico*, 676 F.3d 220, 225 (1st Cir. 2012) (holding that plaintiff's allegations that she was unfairly terminated because she was a woman, unaccompanied by factual predicate, was not enough to make her discrimination claim plausible). The amended complaint does not plead facts with sufficient specificity to demonstrate an actionable claim by plaintiff under any federal or state employment-discrimination law.

Finally, even assuming that the amended complaint states claims for discrimination and retaliation under Title VII, plaintiff has provided no evidence that she has exhausted her administrative remedies. Title VII requires that an aggrieved employee file an administrative charge as a prerequisite to commencing a civil action for employment discrimination. *Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st Cir. 2009). The administrative process begins with the

4

filing of an administrative charge before the EEOC or its state analogue (in this case, the MCAD). *See Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 85 (1st Cir. 2008). The employee may sue in federal court only if the EEOC dismisses the administrative charge, or if it does not bring civil suit or enter into a conciliation agreement within 180 days of the filing of the administrative charge. 42 U.S.C. § 2000e-5(f)(1); *see also Franceschi*, 514 F.3d at 85. "In either case, the EEOC must send the employee notice, in the form of what is known as a right-to-sue letter." *Franceschi*, 514 F.3d at 85. After receiving that notice, the employee has ninety days to bring suit in federal court. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff was ordered to provide a right-to-sue letter from the EEOC and failed to do so. Under Title VII, the "unexcused failure to exhaust administrative remedies effectively bars the courthouse door." *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005). "Administrative remedies [can]not be considered to [be] exhausted . . . until the EEOC issue[s] [the plaintiff] a right-to-sue-letter." *Franchesci*, 514 F.3d at 85 (citing 42 U.S.C. § 2000e-5(f)(1)). Plaintiff has failed to provide any evidence of her right to bring a Title VII claim in accordance with the Court's order.

Accordingly, defendant's motion to dismiss will be granted.

### B.     Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff does not have a constitutional right to free counsel. *Desrosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness

impinging on the party's due process rights. *Id.* To determine whether the circumstances of a case are sufficient to warrant the appointment of counsel, the court must examine the totality of the situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. *Id.* at 24.

The amended complaint both fails to state a claim upon which relief can be granted and fails to comply with the requirements of Rule 8(a). Therefore, the allegations of the amended complaint do not raise exceptional circumstances that would warrant the appointment of *pro bono* counsel.

Accordingly, plaintiff's motion for appointment of counsel will be denied.

### III. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff's motion to appoint counsel is DENIED.

**So Ordered.**

        /s/ F. Dennis Saylor
        F. Dennis Saylor IV
        United States District Judge

Dated: July 30, 2014